UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHANEL KERSWILL, on behalf of
herself and others similarly situated,

    Plaintiff,

v.                                                  Case No.: 8:22-cv-1131-CEH-AAS

MODERN BROEKRS OF AMERICA
LLC, Texas limited liability company,

    Defendant.
_____/

## ORDER

Defendant Modern Brokers of America, LLC (MBA) requests the court enter its proposed "Protective Order on Confidentiality." (Doc. 46). Plaintiff Chanel Kerswill opposes the motion. (Doc. 47).

MBA's proposed protective order would govern the use and disclosure of protected and confidential information in this action. (*See* Doc. 46-3). However, the proposed draft is improper for various reasons.

As an initial matter, MBA's proposed protective order attempts to supplant Local Rule 1.11, M.D. Fla., which controls the process for requesting the sealing of documents in this court. Specifically, MBA's proposed order states:

1

> If . . . any PROTECTED INFORMATION [is] to be filed with the Court, such filing will be made under seal in accordance with the *Texas Rules of Civil Procedure.*

(Doc. 46-3, ¶ 6) (emphasis added); *see Kristoff-Rampata v. Publix Super Markets, Inc.*, No. 3:15-CV-1324-J-20PDB, 2016 WL 11431488 at *4 (M.D. Fla. Sept. 9, 2016) (holding the parties must comply with the local rules for requests to seal document). The Case Management and Scheduling Order entered in this action also directs that "[e]ach confidentiality agreement or order shall provide . . . that 'no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.'" (Doc. 31, p. 4).

In addition, MBA's proposed protective order impermissibly shifts the burden to the challenging party to prove the document should not be protected. Specifically, MBA's proposed order states:

> If any disputes arise concerning the designation of any PROTECTED INFORMATION under the terms of the agreement, the Party challenging the designation may seek a ruling by the Court of the propriety of the designation.

(Doc. 46-3, ¶ 8). Although the court may enter a protective order allowing documents to be presumed protected until challenged, after documents are challenged the burden is on the producing party to prove the need for confidentiality. *See Mchale v Crown Equip. Corp.*, No. 8:19-CV-707-T-27SPF, 2020 WL 9172021 at * 3 (M.D. Fla. Apr. 22, 2020) (holding the producing party

2

bears the ultimate burden of proving the need for confidentiality when a document is challenged).

Also, MBA's proposed protective order states the court indefinitely retains jurisdiction over the parties. (*See* Doc. 46-3, ¶ 10). The court will not maintain jurisdiction post-judgment to account for possible future disputes. *See Malibu Media, LLC v. Doe*, No. 2:13-cv-836, 2014 WL 1292692, at *3 (M.D. Fla. March 31, 2014) (striking provision stating that the court will retain jurisdiction after the conclusion of the action).

Although the defendant may have grounds for enter of a protective order due to potentially commercially sensitive and proprietary information subject to the plaintiff's discovery requests, the court will not enter MBA's proposed order as drafted.[1]

Accordingly, MBA's motion for entry of its proposed protective order (Doc. 46) is **DENIED without prejudice**.

---

[1] Section (I)(F) of the Case Management and Scheduling Order states: "The parties may reach their own agreement regarding the designation of materials as 'confidential.' There is no need for the court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce stipulated and signed confidentiality agreements." (Doc. 31, p. 4).

**ORDERED** in Tampa, Florida on June 6, 2023.

                                               AMANDA ARNOLD SANSONE
                                               United States Magistrate Judge