UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHANEL KERSWILL,

    Plaintiff,

v.                                      Case No: 8:22-cv-1131-CEH-AAS

MODERN BROKERS OF AMERICA,
LLC,

    Defendant.
_____

## ORDER

This cause comes before the Court on Defendant Modern Brokers of America, LLC's Motions for Bifurcated Discovery (Doc. 36) and Protection from Class Discovery (Doc. 37). In this putative class action brought under the Telephone Consumer Protection Act ("TCPA"), Plaintiff alleges that Defendant made multiple unwanted sales calls to her and other putative class members without prior express written consent. Doc. 1. Defendant's Motions ask the Court to conduct discovery in two phases and enter an Order protecting it from class discovery. Docs. 36, 37. Plaintiff opposes the motions (Docs. 38, 39), and Defendant has filed a reply (Doc. 46). Upon review and consideration, and being fully advised in the premises, the Court will deny the motion.

## DISCUSSION

In its motion, Defendant asserts that good cause supports the bifurcation of discovery into two phases: the merits of Plaintiff's individual claims and class

discovery. Doc. 36 at 1. Defendant argues that the Court's decision on the issue of consent will "likely resolve Plaintiff's individual claim," and that bifurcation would promote judicial economy and allow the parties and the Court to avoid tackling class-wide discovery issues until the class proceeds, assuming that it will. *Id.* at 4–8. Defendant asserts that the law does not require completion of class discovery or certification before testing the merits of Plaintiff's claim, and that her claim will likely fail on summary judgment because she provided written consent to receiving calls. *Id.* For this reason, Defendant contends that good cause exists to order bifurcation of individual and class discovery in this matter. *Id.* at 9. Similarly, Defendant's Motion for Protection from Class Discovery asks the Court to evaluate Plaintiff's individual claims on their merits first before allowing class discovery, in the case that they survive summary judgment. Doc. 37.

Plaintiff opposes bifurcation of discovery. Doc. 38. She argues that the proposed bifurcation will result in duplicative litigation and discovery. *Id.* at 2. Furthermore, Plaintiff argues that Defendant's consent argument would most efficiently be evaluated on a class-wide basis, and that granting Defendant's request would lead to disputes regarding the boundaries between individual merits and class discovery and unnecessary proceedings. *Id.* at 3–5. Finally, Plaintiff argues that bifurcation would delay class discovery, prejudice the proposed class members, and create the risk that evidence would be destroyed or lost. *Id.* at 6. In sum, Plaintiff argues that Defendant fails to demonstrate a need to change the standard approach to discovery, and that

bifurcation would not streamline the case. *Id.* at 8.[1] Plaintiff objects to Defendant's motion for a protective order from class discovery for the same reasons. Doc. 39.

Courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). Such discretion extends to the ability to bifurcate discovery between issues pertaining to class certification and the merits. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992). Nonetheless, "courts may also decline to exercise that discretion." *Cabrera v. Gov't Emps. Ins. Co.*, No. 12-61390-CIV, 2014 WL 2999206, *8 (S.D. Fla. July 3, 2014). Courts have declined to bifurcate discovery where the issues to be raised in the proposed phases are so intertwined that it would not be in the interest of judicial economy to conduct discovery on them separately. *See*, *e.g.*, *Tillman v. Ally Financial, Inc.*, 2:16-cv-313-JES-CM, 2016 WL 9504326, *3 (M.D. Fla. Oct. 12, 2016) (declining to bifurcate discovery because "the issues cannot be divided into separate discovery categories"); *Lakeland Regional Medical Ctr., Inc. v. Astellas US, LLC*, 8:10-cv-2008-VMC-TGW, 2011 WL 486123, *2 (M.D. Fla. Feb. 7, 2011) (Covington, J.) (same, because "the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); *cf. Methelus v. School Bd. of Collier Cnty.*, 2:16-cv-379-DNF, 2016 WL 8539815, *2 (M.D. Fla. July 21, 2016) (recommending bifurcation of

---

[1] Plaintiff also argues that the motion should be denied based on Defendant's failure to adequately meet and confer on the motions. Doc. 38 at 1 n.1. The Court declines to deny the motion on this basis, but cautions Defendant to ensure that it complies with Local Rule 3.01(g) moving forward.

discovery where "the nature and scope of the claims in the case and the challenge to standing must be determined before any ruling on class certification would be appropriate"); *Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-60798-CIV, 2012 WL 7856269, *2 (S.D. Fla. Nov. 27, 2012) (permitting bifurcation where defendant "made a plausible argument that it may be able to prevail on the merits against Plaintiff's individual claims"). The "general practice in the Middle District of Florida is not to bifurcate discovery." *Davis v. Coastal Dental Services, LLC*, 8:22-cv-941-KKM-TGW, 2022 WL 4553071, *1 (M.D. Fla. Sept. 1, 2022).

Here, the Court declines to exercise its discretion to bifurcate discovery. As explained in *Lakeland Regional*, the distinction between merits and class issues is often "murky at best, and impossible to discern at worst." 2011 WL 486123 at *2. The Court is not persuaded that the class and merits issues in this action are unusually distinct, such that there would be little to no overlap between the phases of discovery. In short, the circumstances do not warrant a deviation from this District's general practice of disfavoring bifurcation. *See Davis*, 2022 WL 4553071 at *1. Defendant's Motion for a Protective Order from Class Discovery (Doc. 37) is denied for the same reasons.

Accordingly, it is **ORDERED**:

1. Defendant Modern Brokers of America, LLC's Motion to Bifurcate Discovery (Doc. 36) is **DENIED**.

2. Defendant Modern Brokers of America, LLC's Motion for Protection from Class Discovery (Doc. 37) is **DENIED**.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**DONE** and **ORDERED** in Tampa, Florida on June 9, 2023.

Copies furnished to:

Counsel of Record
Unrepresented Parties

5